STATE of Tennessee, ex rel. Thomas H. SHRIVER, Plaintiff-Appellant,

v.

John STOKER, Acting Director of Paroles, Defendant-Appellee.

Supreme Court of Tennessee, at Nashville.

Oct. 25, 1982.

Thomas H. Shriver, Dist. Atty. Gen., Douglas Johnston, Jr., Asst. Dist. Atty. Gen., Nashville, for plaintiff-appellant.

Robert L. Jolley, Jr., Asst. Atty. Gen., (William M. Leech, Jr., Atty. Gen. and Reporter, Nashville, of counsel), for defendant-appellee.

## OPINION

HARBISON, Chief Justice.

■ This action was commenced as a petition for writ of mandamus against the Acting Director of Paroles to require him to issue a revocation warrant pursuant to T.C.A. § 40–3617. The parole officer at whose instance the action was brought testified that he knew that his request for a revocation warrant did not comply with the policies and guidelines of the Board of Paroles. Nevertheless it has been his insistence throughout the litigation that the Director was required to issue a revocation warrant upon request of the parole officer, whether or not that request complied with the policies of the Board or reflected anything other than the parole officer's own subjective conclusion that a warrant was justified. The Chancellor held that the writ

of mandamus would not lie under these circumstances. We are of the opinion that his conclusion was correct and that his judgment, which was in part reversed by the Court of Appeals, should be reinstated.

Insofar as we can tell from the very brief record, no question was made at trial as to the validity of the guidelines or policies of the Board. Certainly no evidence as to defective adoption or promulgation has been preserved for review. Neither the pleadings nor the summary of oral testimony which was supplied for the record on appeal, under stipulation of counsel that it contained all of the evidence relevant to the issues, make any reference to alleged invalidity of the Board's policies or guidelines.[1]

The sole reliance of appellant throughout the litigation has been upon the word "shall" appearing in T.C.A. § 40–3617 as follows:

"If the parole officer having charge of a paroled prisoner shall have reasonable cause to believe that such prisoner has violated the conditions of his parole in an important respect, the parole officer shall report such facts to the director of paroles, who thereupon shall issue a warrant for the retaking of such prisoner and his return to the designated state prison."

Appellant concedes that it is the prerogative of the Board to define violation of the conditions of parole "in an important respect." The parole order in this case and any conditions which it contained were not introduced into evidence and are unknown to us.[2] If the officer made any written report in this case, it also has not been filed. Only a brief summary of his trial testimony has been included in the record.

The statute uses the term "reasonable" which ordinarily refers to an objective, rather than a subjective, standard. It requires that the parole officer report the facts which he has obtained to his superior,

---

1. At oral argument in this Court, counsel for appellant stated that he did not contend that the policies in question were invalid or beyond the authority of the Board. He stated that this was immaterial to the position of appellant.

2. See T.C.A. § 40–3614.

who is expressly required to supervise his work under other provisions of the relevant statutes, T.C.A. § 40–3605(a)(4).

█ It is nevertheless the insistence of appellant that the Director has no discretion upon receiving a written report from a parole officer to determine whether or not the parole officer's conclusions are or are not "reasonable," whether the facts presented do or do not show "reasonable cause" to believe that a violation "in an important respect" has occurred, or to evaluate the report in light of the Board's established policies concerning parole revocation.[3] This seems to us to be contrary to the entire spirit and purpose of the statutes. In our opinion, only if the Director approves the report of the officer is he required to issue the warrant and set in motion the revocation machinery. The statute makes it clear that it is the Director, not the parole officer, who "shall" issue the warrant, and this only after receipt of the facts from the officer whom it is his duty to supervise.

The issuance of a revocation warrant involves the arrest and re-incarceration of the prisoner. It sets in motion a series of procedures including a preliminary hearing and a revocation hearing. T.C.A. §§ 40–3618 and 3619. It seems to us that the Director of Paroles must have discretion to review the reports of his subordinates, to evaluate them and to determine whether the significant step of issuing a warrant is justified upon the information obtained by the parole officer.

The judgment of the Court of Appeals is reversed. That of the Chancellor is affirmed and the cause is dismissed. All costs are taxed to appellant.

COOPER and BROCK, JJ., and HUMPHREYS, Special Justice, concur.

DROWOTA, J., files dissenting opinion.

DROWOTA, Justice, dissenting.

The sole issue presented for our review by the plaintiff-appellant is: "Does the word 'shall' as it refers to the Director of Paroles in T.C.A. § 40–3617, impose a mandatory duty upon the Director to issue a revocation warrant when requested pursuant to the preceeding provisions of that same statute?"

A brief statement of the facts is in order. Gary Stevenson was released on parole from the Tennessee State Penitentiary on December 19, 1980. He had been incarcerated since a 1977 conviction for armed robbery. On January 14, 1981, less than four weeks following his release, Stevenson was arrested and later bound to the grand jury on a $40,000 warehouse burglary. His parole officer, believing he had violated the privilege of parole, reported these facts to the Director of Paroles, John Stoker, and requested the issuance of a parole violation warrant pursuant to the provisions of T.C.A. § 40–3617. The Director of Paroles declined to issue a warrant. A petition for writ of mandamus was subsequently filed in the Chancery Court requesting the Chancellor to command the Director of Paroles to perform the functions required of him by T.C.A. § 40–3617.

A close reading of Title 40, Chapter 36 of our Code reveals to me a deliberate use of the terms "may" and "shall" throughout. The legislature uses "shall" to command that certain acts be performed by certain persons, and it uses "may" to grant discretion where it thinks appropriate. T.C.A. § 40–3617 provides: " ... the parole officer shall report such facts to the director of paroles, who thereupon *shall* issue a warrant for the retaking of such prisoner ... " (emphasis added). It is unlikely the legislature overlooked the long standing distinction between "shall" and "may," and proper deference for the acts of the legislature requires that we assume the use of the term "shall" is deliberate. This assumption is reasonable.

3. Under the guidelines quoted in the record, generally a warrant was issued in cases of "new charges" only upon conviction of the parolee, except for fugitives, Class X felons and habitual criminals. None of those exceptions applied to this case, nor has the prisoner ever been tried for or convicted of any subsequent offense according to statements of counsel. *See generally* T.C.A. § 40–3620 regarding revocation upon conviction.

The acting Director of Paroles would have us believe that the consequences of the statute's plain meaning are absurd and unreasonable because too much authority would be given to a subordinate official. The majority opinion implicitly agrees, for if the consequences are reasonable and not absurd, there would be no need for the Court to hold that the legislature intended "may" where it wrote "shall." And yet, I find nothing inherently unreasonable about the procedure the Statute sets out. According to the Statute, when the parole officer, who is the official closest to the parolee, has reasonable cause to believe the parolee is in violation of his parole, he reports to the Director of Probation who issues a warrant on this report *and* appoints the hearing officer to preside at a probable cause hearing (T.C.A. § 40–3618). If probable cause is found, the case then proceeds to a full hearing by the board (T.C.A. § 40–3619). Three features of this procedure should be noted. First, the parolee is removed from the community as quickly as the warrant can be executed. No time is expended by the Director making an independent inquiry. This, of course, provides some protection to the community. It should be remembered that parole is a privilege and not a right. Second, by virtue of his issuing the warrant, the Director has notice of his duty to appoint an officer to conduct an impartial preliminary hearing. Third, the parolee is confronted with charges against him and is allowed to answer at the hearing and later before the Board if probable cause is found.

I do not argue that this is the legislature's reasoning behind the statute, for an examination of the House and Senate journals of the proceedings reveals that there was no deliberation on the statute. I seek only to point out that there could be some good reason for the legislature's wording the statute as it did. And, since there could be some good reason for the wording, this Court is bound to give effect to the plain meaning of the statute.

The *majority opinion holds that*, under T.C.A. § 40–3617, the Director of Paroles has a discretionary duty to issue a warrant, on the report of the parole officer, for the retaking of a paroled prisoner who is believed to have violated the conditions of his parole in an important respect. The Court of Appeals, *inter alia,* found that certain policies and guidelines promulgated by the Board of Paroles purported to overrule, supersede and invalidate T.C.A. § 40–3617. That Court found that nothing in T.C.A. § 40–3601(4)(a)(xi) authorized or empowered the Board to repeal or overrule a legislative enactment, and that the operating procedures for the Board and its employees as adopted by the legislature, are not subject to alteration except by the legislature. Although the majority opinion of this Court discusses the policies and guidelines of the Board, their decision was necessarily limited, because the record was not developed properly on this issue.

My primary disagreement and objection with the majority opinion is that I feel the Court, in order to uphold what it sees to be the spirit and purpose of the Statute, has itself legislated by holding "*it seems to us that the Director of Paroles must have discretion* to review the reports of his subordinates, to evaluate them and to determine whether the significant step of issuing a warrant is justified upon the information obtained by the parole officer" (emphasis added).

The statute may not be artfully drafted; however, if the statute needs amending, to make the actions of the Director discretionary, then the legislature should do so, not the courts. The legislature has had ample opportunity to grant the Director discretion in the issuance of parole revocation warrants. It has not done so. The legislature meant for the Director to perform a ministerial act once certain antecedent or prerequisite conditions were met. Here the prerequisite conditions were met, and the Director of Paroles should have issued the revocation warrant.